## GERARD R. CHESELDINE *v.* RICHARD MATHERS.

### (No. 10,805.)

Where a sheriff had levied upon chattels, by virtue of an execution from this court, and third persons claiming to be the real owners, took them by a writ of replevin, issuing from the Circuit Court of the United States, and upon the trial the presiding judge of that court charged the jury that goods in the custody of a sheriff, under a lawful execution, could not be replevied in the Federal courts, and thereupon a verdict was returned and judgment rendered for the sheriff for the full value of the goods; in an action against the surety in the replevin bond. *Held*, 1. That the action was properly instituted under the code in the name of the sheriff, without joining the execution creditors. 2. That the circuit court had jurisdiction over the subject matter and the person, and such judgment until reversed is conclusive.

GENERAL TERM.—Proceeding in error to reverse a judgment rendered in favor of the defendant in error.

This action was originally instituted by Mathers against Cheseldine, upon a replevin bond given in the Circuit Court of the United States for the Seventh Circuit and Southern District of Ohio, in the case of Benjamin T. Stites and Benjamin Romine against said Mathers, in which judgment was rendered in favor of Mathers against Stites and Romine in replevin, they failing to sustain their claim to the property in controversy.

To this petition Cheseldine answered in substance this: That when the replevin was sued out of the Federal court, Mathers, as sheriff of Hamilton county, had possession of the goods by virtue of a levy before that time made under an execution upon a judgment in this court in favor of Benedict, Hall & Co. against Harvey H. Romine; that the goods were in fact the property of Stites and Romine, and not of Harvey H. Romine; that the judgment was the result of a charge to the jury, by the presiding judge of the circuit court, that where a sheriff holds property under a lawful execution, replevin can not be resorted to by the true owner; and that the judgment is null and void for want of jurisdiction in the circuit court.

A demurrer to this answer having been sustained and judgment rendered for the plaintiff, this petition in error is prosecuted to obtain a reversal.

*Thompson & Nesmith*, for plaintiff in error.

*Abram Brower*, for defendant in error.

HOADLY, J., delivered the opinion of the court.

Two points are presented. *First*, as to the right of the sheriff to maintain this action.

It is said that under the code the real party in interest must sue, and that Benedict, Hall & Co. therefore should have been made plaintiffs.

But the sheriff had a special property in the goods by

virtue of his levy, and a pecuniary interest to the extent of his costs.

Moreover, the code authorizes " the trustee of an express trust," as well as " a person with whom or in whose name a contract is made for the benefit of another, to bring an action without joining with him the person for whose benefit it is prosecuted." Section 26.

Words could not be used more aptly to describe the legal relation which the sheriff bears to Benedict, Hall & Co. than these. For their benefit this contract is made with him.

The New York code contains a similar provision couched in slightly different terms. It authorizes the trustee of an express trust to sue in his own name without joining his *cestui que trust*, and provides that any person with whom or in whose name a contract is made for the benefit of another shall be considered as such trustee for the purpose of prosecuting an action.

Under this provision it has been held that an auctioneer could sue in his own name, although his commissions having been paid, he had no real interest in the property. *Bogart* v. *O'Regan*, 1 E. D. Smith, 590; *Minturn et al.* v. *Main*, 3 Selden, 220; that the mayor, aldermen, and commonalty of the city of New York, being the obligees of a constable's official bond, might sue for its breach, and the party injured need not be joined as plaintiff; *Mayor, etc., of New York* v. *Doody*, 4 Abbott, 127; and that upon the bond of a trustee and his security given to the " people of the State of New York," suit was properly instituted in the name of the people. *People* v. *Norton*, 5 Selden, 176.

We are satisfied that this action was properly instituted.

The *second* proposition advanced is, that the Federal court exceeded its jurisdiction in issuing the writ of replevin; that they have so specially adjudicated, and that, therefore, the bond is of no legal obligation.

If the circuit court possessed no power to issue the writ of replevin the conclusion would follow. The analogy would then exist which counsel seek to maintain, between the writ

in question and like process from the police or probate court.

But the Federal courts have full ample jurisdiction to issue writs of replevin generally, and to replevy from Richard Mathers especially. There was, in the case of Stites and Romine against Mathers, jurisdiction of the person and of the subject matter.

The court did not decide that they had no jurisdiction, that they were acting *coram non,* for they exercised jurisdiction, and proceeded to render judgment, but simply that Richard Mathers, as sheriff, having possession under a lawful writ, could not be legally ousted by proceedings subsequently commenced in another court. It was a case not of want, but of conflict of jurisdiction. The plea of another action pending, is a plea in bar, never a plea to the jurisdiction. The Federal court yielded, not because it had no jurisdiction to try the right of property in these goods, but because they judged that that right had previously vested in another tribunal. Cases of such conflict do not go upon the idea of a want of power, but of the propriety of its exercise. If the circuit court erred in thus holding, the only remedy is by a resort to the Supreme Court of the United States.

But until their judgment is reversed we must give it full legal efficacy. They had, we think, jurisdiction to issue the writ, to execute it, and to render judgment, and the bond here sued on, given to secure that judgment when it should be rendered, must be enforced.

Judgment affirmed.

Spencer and Storer, JJ., concurred.